UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE LOCAL 813 I.B.T. INSURANCE
TRUST FUND, THE LOCAL 813 I.B.T. PENSION
TRUST FUND, AND THE LOCAL 813 AND LOCAL 1034
SEVERANCE TRUST FUND,

**ORDER**

06-CV-2525 (SLT) (CLP)

Plaintiffs,

-against-

A-1 COMPACTION, INC., a division of
WASTE MANAGEMENT,

Defendant.
------------------------------------------------------------------X

**TOWNES, United States District Judge:**

In May 2005, plaintiffs, the trustees of various employee pension and welfare benefits plans (collectively, "the Plans"), commenced this action pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145, to recover money allegedly owed to the Plans under the terms of a collective bargaining agreement between a union and defendant A-1 Compaction, Inc. Although a summons was issued on the same day this action was commenced, plaintiffs never filed a return of service or any further papers in connection with this case.

By order dated October 30, 2006, Magistrate Judge Cheryl L. Pollak directed the parties to provide a status report within thirty days. When no report was received, Magistrate Judge Pollak issued a report and recommendation, dated December 7, 2006 (the "R&R"), recommending that this action be dismissed for failure to prosecute. The R&R advised the parties that objections had to be filed within ten days of their receipt of the R&R. No objections have yet been received.

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy of thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, a court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In this case, neither party filed any objections, even though the R&R expressly advised them that objections had to be filed within ten days of their receipt of the R&R. This Court, therefore, need not review Magistrate Judge Pollak factual and legal conclusions, but shall adopt the R&R in its entirety and dismiss this action for lack of prosecution.

## CONCLUSION

For the reasons stated above, Magistrate Judge Pollak's report and recommendation dated December 7, 2006, is adopted in its entirety, and this case is dismissed for lack of prosecution. The Clerk of Court shall enter judgment in accordance with this Order.

**SO ORDERED.**

s/SLT

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 28, 2007

2